**Sallie M. HADNOTT et al., Plaintiffs,**

v.

**Mabel S. AMOS, etc., et al., Defendants.**

**Civ. A. No. 2757-N.**

United States District Court
M. D. Alabama, N. D.

Sept. 23, 1968.

Charles Morgan, Jr., and Reber F. Boult, Jr., Atlanta, Ga., Orzell Billingsley, Jr., Birmingham, Ala., and Melvin L. Wulf and Eleanor H. Norton, New York City, for plaintiffs.

Hugh Maddox, Montgomery, Ala., Legal Adviser to the Governor, represented Governor Albert P. Brewer on his motion to quash.

MacDonald Gallion, Atty. Gen., John G. Bookout, Deputy Atty. Gen., William N. McQueen, Leslie Hall, and Gordon Madison, Asst. Attys. Gen., Montgomery, Ala., and L. Drew Redden (Rogers, Howard, Redden & Mills), Birmingham, Ala., Sp. Asst. Atty. Gen. of Ala., for defendants.

### ORDER

Before GODBOLD, Circuit Judge, and JOHNSON and PITTMAN, District Judges.

PER CURIAM.

There is now presented in this case the motion of Albert P. Brewer, as Governor of the State of Alabama, filed with the Clerk of this Court September 20, 1968, seeking to quash the subpoena made upon him on September 18, 1968, by the attorneys of record for the plaintiffs. The subpoena in question, issued as a process of this Court and served pursuant to Rule 45, Federal Rules of Civil Procedure, requires the attendance of Governor Brewer at the Governor's Office, in Montgomery, Alabama, at 11:45 a. m., Monday, September 23, 1968, for the purpose of testifying by oral deposition as provided and authorized by Rule 30, Federal Rules of Civil Procedure.

As stated in the Temporary Restraining Order issued in this case on September 18, 1968, this action presents urgent and critical constitutional questions that may possibly determine the qualifications of candidates who seek to have their names on the ballot in the general election to be conducted November 5, 1968. Because of the urgency of the matter, a hearing on the merits has been scheduled for September 30, 1968. All parties have been granted leave to take depositions upon giving reasonable notice, and the court records reflect that all parties have scheduled the taking of depositions during the week commencing September 23. Governor Brewer's deposition is one of those scheduled.

The grounds assigned in support of the motion to quash may be grouped:

(1) The Governor of a sovereign state is immune from service of process to appear as a witness by deposition or otherwise;

(2) The Governor, as Chief Executive officer of a sovereign state is immune from judicial control on account of the tripartite separation of powers; and

(3) There are scheduled executive duties at the time specified in the subpoena.

The first two grounds of the motion to quash are clearly without merit. In their verified complaint, the plaintiffs raise various substantial federal constitutional questions; they claim a deprivation of their federally guaranteed rights by various officials of the State of Alabama, including the Governor and the Secretary of State. Further, they contend that Governor Albert P. Brewer, not acting as Governor of Alabama but as a political candidate for the office of Presidential Elector has deprived and continues, by reason of said candidacy to deprive them of some of their constitutional rights.

It has long been the settled law that the Governor of a state is subject

to the process of the federal courts for the relief of private persons. Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375. This is true even where the Governor purports to act under color of state authority. On this point, the Supreme Court of the United States in *Sterling,* a case involving the authority of a federal court to inquire into the legality of the acts of a state Governor and to issue the processes necessary to do so, wrote:

"＊ ＊ ＊ Appellants assert that the court was powerless thus to intervene ＊ ＊ ＊.

"If this extreme position could be deemed to be well taken, it is manifest that the fiat of a state Governor, and not the Constitution of the United States, would be the supreme law of the land; ＊ ＊ ＊. Under our system of government, such a conclusion is obviously untenable. There is no such avenue of escape from the paramount authority of the Federal Constitution. When there is a substantial showing [here a verified complaint alleging violations of substantial constitutional rights] that the exertion of state power has overridden private rights secured by that Constitution, the subject is necessarily one for judicial inquiry in an appropriate proceeding directed against the individuals charged with the transgression. To such a case the federal judicial power extends (Art. III, § 2) *and, so extending, the court has all the authority appropriate to its exercise.*" (Emphasis supplied.)

As to the ground in Governor Brewer's motion that relates to scheduled executive duties, it is appropriate to observe that such does not constitute a basis for quashing a subpoena requiring an appearance at a scheduled time and place for the purpose of testifying by oral deposition. It may very well be that the Governor has already scheduled for Monday, September 23, 1968, important duties incident to his executive functions. The rules of this Court make provisions

for such conflicts. Upon an appropriate motion, in the event the attorneys cannot agree upon a convenient time, this Court will direct that the deposition be continued to a more convenient time for the Governor. Indeed, the flexibility for scheduling and taking testimony by deposition in lieu of requiring personal appearances at trial is generally recognized as constituting an advantage to busy executives—both private and public. The law of Alabama recognizes this and authorizes the taking of the Governor's testimony by deposition. Title 7, § 457, Code of Alabama, Recompiled 1958, and —as in the federal system—the testimony taken by deposition may be used upon the trial of the case in lieu of the personal appearance of the witness, Title 7, § 474(4), Code of Alabama, Recompiled 1958.

The Governor's motion to quash does not specifically raise the point, but, by inference, touches upon the question of whether the deposition is being taken in good faith. For the purpose of eliminating even the possibility of the Governor of Alabama's being harassed, embarrassed or oppressed by the taking of his testimony by deposition, the attorneys' attention is invited to Rule 30(d), Federal Rules of Civil Procedure, which, in pertinent part, provides:

"At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending ＊ ＊ ＊ may order the officer conducting the examination to cease forthwith from the taking of the deposition, or may limit the scope and manner of taking the deposition ＊ ＊ ＊."

so as to protect the witness from annoyance, embarrassment, or oppression. At least one of the judges constituted for this Court will be reasonably available if such a motion for relief becomes appropriate.

312

In accordance with the foregoing, it is, therefore, the order, judgment and decree of this Court that the motion, filed by Albert P. Brewer, as Governor of the State of Alabama, seeking an order quashing the service of process of that certain subpoena made upon him by the attorneys for the plaintiffs in this case on September 18, 1968, be and the same is hereby denied.